UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11944-RGS

EMILIO FUSCO

v.

STEPHEN SPAULDING, Warden

## ORDER

September 27, 2019

STEARNS, D.J.

Emilio Fusco, who is incarcerated at FMC Devens, has filed a petition under 28 U.S.C. § 2241 ("Petition"), Dkt. #1, in which he challenges the validity of his federal conviction. For the reasons set forth below, the court will deny the Petition.

On May 3, 2012, a jury sitting in the United States District Court for the Southern District of New York found Fusco guilty of interstate travel in aid of racketeering in violation of 18 U.S.C. § 1952. *See United States v. Fusco*, Crim. No. 1:09-cr-02139-PKC (S.D.N.Y.).[1] On March 5, 2014, while Fusco's direct appeal was pending before the United States Court of Appeals for the Second Circuit, the United States Supreme Court issued its opinion in

---

[1] Fusco was convicted on other counts that are not at issue in this action.

*Rosemond v. United States*, 572 U.S. 65 (2014), which concerns jury instructions on a charge of aiding and abetting. In his Petition, Fusco argues that the jury instructions on the charge of interstate travel in aid of racketeering were erroneous under *Rosemond*.

The Second Circuit has already considered and rejected Fusco's *Rosemond* argument. On March 10, 2014, Fusco's counsel filed a reply brief in the direct appeal, dedicating six pages of the twenty-seven page document to the argument that jury instructions for aiding and abetting interstate travel in aid of racketeering were erroneous in light of *Rosemond*. *See Fusco v. United States*, Case No. 12-4224 (2d Cir.), Dkt. #101 at 18-27. On March 21, 2014, the Second Circuit issued a Summary Order affirming the judgment of the district court. *See United States v. Fusco*, 560 Fed. App'x 43 (2d Cir. 2014). The Second Circuit addressed five specific issues, none of which concerned the *Rosemond* argument. At the end of the order, the court stated, "We have considered Fusco's remaining arguments and conclude that they are without merit or abandoned." *Id.* at 46. [2]

Through counsel, Fusco subsequently filed a motion under 28 U.S.C. § 2255 ("§ 2255"), in which he argued, *inter alia*, that the jury instructions

---

[2] Fusco acknowledges he presented the *Rosemond* issue on direct appeal, but he represents that it was "not considered" by the appellate court. Pet. at 8.

were erroneous under *Rosemond*. *See Fusco v. United States*, Crim No. 09-cr-01239 (PKC), 2018 WL 6097874, at ** 2, 7 (S.D.N.Y. Nov. 21, 2018). The trial court found the *Rosemond* claim to be "procedurally barred because the Second Circuit addressed this claim on direct appeal." *Id.* at *7. The trial court acknowledged that "[t]he Second Circuit did not explicitly reference *Rosemond* in its opinion, but stated that it had 'considered Fusco's remaining arguments and conclude that they are without merit or abandoned.'" *Id.* at *7 (quoting *United States v. Fusco*, 560 Fed. App'x at 46).

Similarly, Fusco cannot seek relief under *Rosemond* via a § 2241 petition because the matter was decided on direct appeal. A federal prisoner cannot challenge the legality of his conviction through a § 2241 petition unless a motion under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Relief under § 2255 is "'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification,'" *Trenkler v. United States*, 536 F.3d 85, 99 (1st Cir. 2008) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original)), a tenet that Fusco himself acknowledges, *see* Mem. Supp. Pet., Dkt. #2, at 3.

Here, a § 2255 motion was not inadequate or ineffective simply because the trial court found that the *Rosemond* argument was procedurally barred. *See Hale v. Fox*, 829 F.3d 1162, 1171 (10th Cir. 2016) ("Because the Seventh Circuit considered and resolved [the] claim, [the petitioner] could not bring it again in his § 2255 motion. . . . This procedural bar does not render § 2255 'inadequate or ineffective' under § 2255(e)."). Fusco has not been without "an opportunity for judicial rectification" with regard to his *Rosemond* claim. He was able to present the matter on direct appeal, and the Second Circuit indicated that it had considered and rejected all of his arguments.

For the foregoing reasons, the court DENIES the Petition and DISMISSES this action.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE